UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. MALAK,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO SHERIFF'S DEPT.,<br><br>    Defendant.      / | No. C 08-5675 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Michael S. Malak, an inmate at the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976).  A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Malak's complaint has no information in the "Statement of Claim" section of the complaint – he simply left it blank.   The complaint does not state a claim upon which relief may be granted.  It is the plaintiff's responsibility to allege a claim for relief; the court will not try to piece together a claim from the miscellaneous documents attached to a complaint.

Steward must file an amended complaint to attempt to state a claim upon which relief may be granted.  He should explain what each defendant did that caused a violation of his constitutional rights.  He should state the date(s) on which the event(s) occurred, and describe exactly what happened to him.  He also should identify his custodial status (e.g., whether he was a pretrial detainee, or had been convicted) at the time of the events alleged, because his status makes a difference in the analysis of certain claims that may be pled.

The amended complaint must identify (in each claim) each and every defendant who Malak proposes to hold liable on that claim.  He must be careful to allege facts showing the basis for liability for each individual defendant.  He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Malak is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **June 26, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: May 14, 2009

_____
Marilyn Hall Patel
United States District Judge